**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED,<br><br>         Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>         Defendants. | **Case No. 1:25-cv-14513-MFK-MV**<br><br>**Honorable Matthew F. Kennelly**<br><br>**Magistrate Maria Valdez** |

## <u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DEFENDANTS</u>

Plaintiff Hong Kong Leyuzhen Technology Co. Ltd. ("Plaintiff") hereby submits this Memorandum of Law in support of its Motion for Entry of Default and Default Judgment (the "Motion") pursuant to Federal Rule of Civil Procedure 55 ("Rule 55") against the remaining Defendants in the case: Defendant 4 Yiwu Wenshuo Import And Export Co., Ltd; and Defendant 6 Xingcheng Haidi Garment Co., Ltd., (the "Defaulting Defendants" or "Defendants"). Plaintiff's Motion is made and based upon this Memorandum of Law, the Declaration of Katherine M. Kuhn ("Kuhn Decl."), the Declaration of Liangjie Li (the "Li Decl."), the papers and pleadings on file in this action, and any argument of counsel the Court may entertain. Plaintiff's Motion for entry of Default and Default Judgment disposes of the case.

### I.    <u>INTRODUCTION</u>

Plaintiff's request for entry of default is straightforward. On January 5, 2026, the Court authorized electronic service via email on the Defendants in connection with issuing Plaintiff's

Temporary Restraining Order requesting same [19, 20]. Plaintiff filed its Motion to Extend the TRO until February 2, 2026 [21]. Plaintiff completed service on Defendants January 30, 2026, and filed a Return of Service. [28]. The deadline to respond to the Complaint was February 20, 2026.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A) ("Rule 12(a)(1)(A)"), the Defaulting Defendants had twenty-one (21) days to answer or otherwise respond to Plaintiff's Complaint in this action. To date, the Defaulting Defendants have not answered or otherwise responded to Plaintiff's Complaint. (Kuhn Decl. ¶ 4). The Clerk of the Court should be compelled to enter default pursuant to Rule 55(a) against the Defaulting Defendants.

Pursuant to Rule 55(b)(2), Plaintiff now also respectfully moves this Court for entry of a default judgment finding the Defaulting Defendants liable on all counts asserted in Plaintiff's Complaint [1]. These asserted counts include claims for Copyright Infringement (Count I) [001]. In connection with its asserted claims for relief, Plaintiff seeks an award of statutory damages pursuant to 17 U.S.C. § 504(c) against the Defaulting Defendants for each infringement of the Copyright Protected Images, which should be enhanced for their willful infringement to of the following federally registered copyright asserted in this action: VA0002379930 and VA0002382270 (the "Copyright Protected Images"). (Kuhn Decl. ¶ 5). Plaintiff additionally requests the Court issue a permanent injunction against the Defaulting Defendants. *See* 17 U.S.C. § 502(a).

As alleged in the Complaint, the Defaulting Defendants have displayed, without authorization, the Copyright Protected Images on Alibaba's online sales platform (the "Platform") to market and sell competing products using Plaintiff's authentic Rotita brand Copyrighted images, thereby deceiving public consumers as to the quality, nature, and source of goods being purchased. (Kuhn Decl. ¶ 6). Moreover, the Defaulting Defendants are alleged to be operating as part of a

MEMORANDUM OF LAW ISO MOTION FOR                          Case No. 1:25-cv-14513-MFK-MV
ENTRY OF DEFAULT JUDGMENT

coordinated, sophisticated product network that utilizes a common supply chain and manufacturing source to fulfill consumer orders for competing Rotita brand products by displaying, without authorization, Plaintiff's Copyright Protected Images on their online storefronts. (Kuhn Decl. ¶¶ 8, 11-12). These circumstances clearly demonstrate the Defaulting Defendants have willfully and intentionally infringed Plaintiff's Copyright Protected Images, thereby supporting the company's request for enhanced statutory damages under the Copyright Act. (*Id.*).

Procedurally, Rule 55(b)(2) provides for a court-ordered default judgment which establishes, as a matter of law, that Defendants are liable to plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a Defendants is in default, the factual allegations of the Complaint are taken as true and may not be challenged, and the Defendants are liable as a matter of law as to each cause of action alleged in the Complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Plaintiff meets the requirements for entry of the requested default judgment under Rule 55(b)(2).

## II.      ARGUMENT

### A.  Jurisdiction And Venue Are Proper in This Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. [001]. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since the Defendants directly target business activities toward consumers in Illinois and cause harm to Plaintiff's business within this judicial district. [*Id.*]; *see also uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be

MEMORANDUM OF LAW ISO MOTION FOR
ENTRY OF DEFAULT JUDGMENT

Case No. 1:25-cv-14513-MFK-MV

accepted as true and any factual determinations should be resolved in its favor). Accordingly, it is unquestionable that the Defaulting Defendants are subject to personal jurisdiction in this action.

### B. Plaintiff Has Met the Requirements for Entry of Default Under Rule 55(A)

Pursuant to Rule 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff clearly meets these requirements.

On December 1, 2025, Plaintiff filed its Complaint in this action alleging, among other claims, Copyright Infringement (Count I). On January 5, 2026 this Court authorized electronic service through issuing a TRO [19,20]. Defendants, which was properly served with the Complaint any and all supporting documents via electronic service on January 30, 2026 [28]. As such, the Defaulting Defendants had twenty-one (21) days to answer or otherwise respond to Plaintiff's Complaint pursuant to Rule 12(a)(1)(A). To date, the Defaulting Defendants have not answered or otherwise responded to Plaintiff's Complaint. (Kuhn Decl. ¶ 4). Accordingly, the Clerk of the Court should be compelled to enter default and default judgment pursuant to Rule 55 against the Defaulting Defendants.

### C. Plaintiff is Entitled to Entry of the Requested Default Judgment.

Rule 55(b)(2) of the Federal Rules of Civil Procedure generally provides for entry of a court-ordered default judgment against one or more defending parties that fail to appear, answer, and/or defend allegations asserted against them. Fed.R.Civ.P. 55(b)(2). A default judgment establishes, as a matter of law, that named, unresponsive; Defendants are liable on each cause of action alleged against them in the Complaint. *Di Mucci*, 879 F.2d at 1497. When a court determines that Defendants are in default, the factual allegations of the Complaint are taken as

MEMORANDUM OF LAW ISO MOTION FOR
ENTRY OF DEFAULT JUDGMENT

Case No. 1:25-cv-14513-MFK-MV

true and may not be challenged, and the Defendants are liable as a matter of law as to each cause of action alleged in the Complaint upon entry of default judgment. *Black*, 22 F.3d at 1399.

More than twenty-one (21) days have passed since Defendants were served, and no answer or other responsive pleading has been filed by the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Thus, default judgment is appropriate, and Plaintiff is entitled to entry of a default judgment pursuant to Rule 55(b)(2) against the Defaulting Defendants for copyright infringement, as asserted in the Complaint. [1 at 16-25].

As argued below, Plaintiff is entitled to the following remedies through the issuance of a default judgment against the Defaulting Defendants: (1) an award of statutory damages and profits of $5,000.00 for copyright infringement under 17 U.S.C. § 504(c)(1); (2) an award of enhanced statutory damages of $15,000.00 for willful infringement pursuant to 17 U.S.C. § 504(c)(2); and (3) entry of a permanent injunction pursuant to 17 U.S.C. § 502(a).

### D. Plaintiff is Entitled to the Relief Requested.

Through entry of default, Plaintiff has established that Defaulting Defendants are liable for intentionally and willfully infringing the Copyright Protected Images. As such, only the following issues remain to be adjudicated through the Motion: (1) Plaintiff's entitlement to an award of statutory damages for infringement of the Copyright Protected Images; (2) the company's request that any statutory damage award be enhanced based on the Defaulting Defendants' willful copyright infringement; (3) and the company's right to issuance of a permanent injunction against the Defaulting Defendants. Plaintiff asserts that it is entitled to all relief requested through its Motion.

### 1.  *Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c)(1).*

5

Turning first to the request for an award of statutory damages under 17 U.S.C. § 504(c)(1) against the Defaulting Defendants. Plaintiff is entitled to such relief for the Defaulting Defendants' infringement of the company's Copyright Protected Images, which it maintains was done willfully and intentionally. (Kuhn Decl. ¶¶ 7, 11-12).

A copyright owner is entitled to recover the actual damages suffered for infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. 17 U.S.C. § 504(b). In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). "[S]tatutory damages have been held to be appropriate on a motion for default judgment because the defaulting party has the information needed to prove actual damages." *White v. Marshall,* 771 F.Supp.2d 952, 956 (E.D. Wis. 2011); *see also Wondie v. Mekuria,* 742 F.Supp.2d 118, 124-25 (D.D.C. 2010); *Lifted Research Grp., Inc. v. Behdad, Inc.,* 591 F.Supp.2d 3, 8 (D.D.C. 2008).

First, Plaintiff has asserted a viable claim for infringement of the Copyright Protected Images. To prove copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *JWC Invs., Inc. v. Novelty, Inc.,* 482 F.3d 910, 914 (7th Cir. 2007). A certificate of copyright registration provides a *prima facie* presumption of validity. *Mid. American Title Co. v. Kirk,* 59 F.3d 719, 721 (7th Cir. 1995). Here, Plaintiff has alleged its ownership of the asserted Copyright Protected Images in its Complaint [1] and has supplied the Court with a summary of all registrations issued by the United States Copyright Office [001-1]. Moreover, Plaintiff has set forth considerable factual allegations establishing the Defaulting Defendants has infringed the company's Copyright Protected Images.

MEMORANDUM OF LAW ISO MOTION FOR
ENTRY OF DEFAULT JUDGMENT

Case No. 1:25-cv-14513-MFK-MV

[001-2]. Accordingly, Plaintiff has established that the Defaulting Defendants have infringed the company's Copyright Protected Images.

Next, Plaintiff is entitled to an award of statutory damages given the circumstances in this action. An award of statutory damages is appropriate because actual damages "are often virtually impossible to prove..." *White,* 771 F.Supp.2d at 956. In awarding statutory damages, the court is not required to follow any rigid formula. *Id.* (citing *Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1229 (7th Cir. 1991)). Instead, the court enjoys wide discretion in setting a statutory damage award within the prescribed range from $750 to $30,000 per infringement. *Broadcast Music, Inc. v. Star Amusements, Inc.,* 44 F.3d 485, 489 (7th Cir. 1995). The court may consider such factors as the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement. *Chi-Boy Music,* 930 F.2d at 1229.

Plaintiff has established unquestionably viable copyright infringement claims in this case. The Defaulting Defendants' refusal to appear and defend against the asserted claims, however, has deprived Plaintiff of the ability to present evidence concerning verifiable infringing sales or costs associated with such sales. (Kuhn Decl. ¶ 7).

Specifically, Plaintiff has neither obtained, nor is the Defaulting Defendants participating in these proceedings, so that the Court can be provided with the infringers' deductible expenses related to the sale of the competing products associated with the unauthorized use and display of the company's Copyright Protected Images. *See* 17 U.S.C. § 504(b). As such, there is no verifiable information concerning the Defaulting Defendants' gross infringing sales of their competing products or the associated deductible expenses from same. (Kuhn Decl. ¶ 7). Plaintiff has requested $5,000 be entered against Defendants, enhanced to $15,000 and attached its breakdown as **Exhibit**

MEMORANDUM OF LAW ISO MOTION FOR
ENTRY OF DEFAULT JUDGMENT

Case No. 1:25-cv-14513-MFK-MV

**1** to the Kuhn Declaration filed herewith. (Kuhn Decl., Exhibit 1). Accordingly, an award of statutory damages is appropriate because actual damages are "virtually impossible to prove..." in this case. *See White,* 771 F.Supp.2d at 956.

Given the foregoing circumstances, and the nature of the Defaulting Defendants's conduct, Plaintiff asserts that it is entitled to an award of statutory damages in the amounts requested in Exhibit 1 of the Kuhn Declaration in this action. (Kuhn Decl. ¶ 7, 12, Exhibit. 1). First, the Defaulting Defendants were provided with notice of these proceedings and, apparently, intentionally elected not to appear and defend. (Kuhn Decl. ¶ 7). As a result of the Defaulting Defendants's intentional decision not to appear and defend this action, Plaintiff has been deprived of a meaningful opportunity to assess the true nature of its actual damages. (*Id.*).

Moreover, Plaintiff has expended considerable capital in securing registration of the Copyright Protected Images and advertising its brand in the United States and in the State of Illinois. (Li. Decl. ¶ 9). This includes spending over $80,000 to secure the company's copyright registrations with the United States Copyright Office and spending approximately $8,000,000 to $12,000,000 annually to advertise and promote its Rotita brand in the United States. (*Id.*). These facts unquestionably support Plaintiff's request for an award in statutory damages against the Defaulted Defendants.

Next, the circumstances of the Defaulting Defendants' infringement clearly support awarding the requested statutory damage award against them. It is without question that the Defaulting Defendants have engaged in the intentional misappropriation and unauthorized use of the Copyright Protected Images. In this regard, Plaintiff's Copyright Protected Images, often representing product line releases, have appeared on the Defaulting Defendants' online stores maintained with the Platform. (Li Decl. ¶ 7). Moreover, the Defaulting Defendants have

MEMORANDUM OF LAW ISO MOTION FOR
ENTRY OF DEFAULT JUDGMENT

Case No. 1:25-cv-14513-MFK-MV

unquestionably been operating their online stores using the misappropriated Copyright Protected Images through a sophisticated network utilizing a highly developed supply chain capable of supplying thousands of competing products featuring an array of Plaintiff's textile patterns and designs that could not otherwise be accomplished on an individual basis. (Kuhn Decl. ¶¶ 8, 11). Accordingly, the Defaulting Defendants unquestionably intentionally, and willfully, infringed Plaintiff's Copyright Protected Images to sell their competing products, thereby justifying an award of statutory damages.

Based on the foregoing, Plaintiff respectfully requests the Court to award statutory damages against the Defaulting Defendants for the Alibaba infringing product, which shows infringement of the Copyright Protected Images. As set forth in Plaintiff's supporting documentation, the Defaulting Defendants in this action should be found liable for $5,000 for statutory damages, which should be treble enhanced because of their willful infringements of the Copyright Protected Images. (Kuhn Decl. ¶ 12, Ex. 1). Accordingly, Plaintiff respectfully requests the Court an award of $5,000 in statutory damages for copyright infringement under 17 U.S.C. § 504(c)(1) against Defaulting Defendants. (Kuhn Decl. ¶ 12).

### 2. *Plaintiff is entitled to enhanced statutory damages.*

Next, the circumstances of the Defaulting Defendants' infringement clearly support awarding an enhanced statutory damage award of, at least, treble damages against them. Simply put, the Defaulting Defendants' infringing conduct in this action is unquestionably willful, thereby justifying enhanced damages under 17 U.S.C. § 504(c)(2).

It is without question that the Defaulting Defendants have engaged in the intentional misappropriation and unauthorized use of the Copyright Protected Images. (Kuhn Decl. ¶¶ 8, 11-12). In this regard, Plaintiff's Copyright Protected Images, often representing recent product

releases, have appeared on the Defaulting Defendants' online stores maintained with the Platform. (Li Decl. ¶ 7). Moreover, the Defaulting Defendants have clearly been operating their online stores using the misappropriated Copyright Protected Images through a sophisticated network utilizing a highly developed supply chain capable of supplying thousands of competing products featuring an array of Plaintiff's textile patterns and designs that could not otherwise be accomplished on an individual basis. (Kuhn Decl. ¶¶ 8, 11-12).

In addition, Defendants in multiple copyright enforcement actions in this judicial district, which includes the Defaulting Defendants, have been acting through their network to actively monitor and post information on the Plaintiff's pending cases on the website www.SellerDefense.cn. (Kuhn Decl. ¶ 8). This has apparently been done to advise Defendants in all pending actions of Plaintiff's successful prosecution of its claims, and the viability of appearing and asserting potential defenses. (*Id.*). These circumstances reveal an overall strategy by all non-appearing Defendants, including the Defaulting Defendants, to simply cut their losses where Plaintiff has a high likelihood of success, abandon any online platform restrained funds, and bask in the security that any judgment issued against them will almost certainly not be collectable in the Republic of China. (Kuhn Decl. ¶ 8). Such circumstances support awarding Plaintiff enhanced statutory damages in this action. *See Chi-Boy Music,* 930 F.2d at 1229.

The facts presented further support awarding the enhanced statutory damages against the Defaulting Defendants on the grounds that they should serve as a deterrent to future conduct. *Id.* at 1229-30. Simply put, the Defaulting Defendants are watching the results of Plaintiff's copyright infringement enforcement actions in this judicial district. (Kuhn Decl. ¶ 8). Simply put, the Defaulting Defendants, as with other similarly situated Defendants, have simply taken the apparent position that any recovery issued by a court is only executable against their restrained asserts on

MEMORANDUM OF LAW ISO MOTION FOR
ENTRY OF DEFAULT JUDGMENT

Case No. 1:25-cv-14513-MFK-MV

the named online platform. (*Id*.).  This conduct demonstrates an intentional wiliness to ignore the Court's authority to impose significant statutory damages in this action to send a message to the Defaulting Defendants, and all other similar infringers, that they will incur substantial liability for their actions. In doing so, hopefully the Defaulting Defendants, or other similar infringers monitoring this case, will post this anticipated reward on the www.SellersDefense.cn website as notice of the consequences for their intentional, and orchestrated actions.

Based on the foregoing, Plaintiff respectfully requests the Court award enhanced statutory damages of not less than treble the requested statutory damages, $15,000. As set forth in Plaintiff's supporting documentation Exhibit 1 to the Kuhn Declaration, the Defaulting Defendants in this action should be found liable because of their willful infringement of the Copyright Protected Images. (Kuhn Decl. ¶ 12, Ex. 1). Accordingly, Plaintiff respectfully requests the Court enter an award of $5,000.00 against Defendants, in statutory damages, which should be enhanced for willful infringement to $15,000.00 against Defendants, pursuant to 17 U.S.C. § 504(c)(2).

### 3.  *Plaintiff is entitled to a permanent injunction.*

Next, Plaintiff is entitled to entry of a permanent injunction against the Defaulting Defendants. This request is justified under 17 U.S.C. § 502(a).

This provision allows courts to issue such relief on terms deemed reasonable to protect the rights of copyright holders. In cases where Defendants fail to respond or appear, courts have consistently granted permanent injunctions as part of default judgments, particularly when there is evidence of ongoing or likely future infringement. For example, in *Virgin Records Am. Inc. v. Johnson*, the court granted a permanent injunction under § 502(a) due to the Defendants' failure to respond and the likelihood of continued infringement, emphasizing the public interest in upholding copyright protections. *Virgin Records Am. Inc. v. Johnson*, 441 F. Supp. 2d 963. Here, Defendants

MEMORANDUM OF LAW ISO MOTION FOR
ENTRY OF DEFAULT JUDGMENT

Case No. 1:25-cv-14513-MFK-MV

has elected to not appear or respond to the lawsuit and therefore shows a likelihood they will continue infringement absent a permanent injunction.

Courts in the 7th Circuit have also applied the four-factor test for injunctive relief, requiring plaintiffs to show irreparable harm, inadequacy of legal remedies, a balance of hardships favoring the plaintiff, and that the injunction serves the public interest. In *White v. Marshall*, the court noted that copyright infringement often constitutes irreparable harm and that monetary damages are inadequate, justifying injunctive relief. *White v. Marshall*, 771 F. Supp. 2d 952. Additionally, courts have recognized a presumption of irreparable harm in copyright cases, further supporting the issuance of permanent injunctions. *See also In re Aimster Copyright Litig*., 252 F. Supp. 2d 634. Here, Plaintiff has a valid copyright claim against Defendants, which has a presumption of irreparable harm in this case. Additionally, permanently enjoining the copyright infringement will ensure that public interest is met, by preventing any future, continued infringement of the Copyrighted Image.

As such, Plaintiff's right to permanent injunctive relief under 17 U.S.C. § 502(a) is uncontested and supported by the substantial evidentiary record previously provided to the Court. Accordingly, Plaintiff is entitled to issuance of permanent injunctive relief against the Defaulting Defendants.

### **CONCLUSION**

Based on the foregoing, Plaintiff respectfully request entry of default and default judgment against the Defaulting Defendants pursuant to Rule 55. In granting its request, Plaintiff asks the Court to award the following: (1) statutory damages of $5,000.00 against Defaulting Defendants pursuant to 17 U.S.C. § 504(c)(1); (2) enhanced statutory damages of $15,000.00 against Defaulting Defendants based on their willful infringement pursuant to 17 U.S.C. § 504(c)(2); (3)

MEMORANDUM OF LAW ISO MOTION FOR
ENTRY OF DEFAULT JUDGMENT

Case No. 1:25-cv-14513-MFK-MV

issuance of a permanent injunction against the Defaulting Defendants pursuant to 17 U.S.C. § 502(a); and (4) such other relief as the Court deems just and proper.

DATED: February 24, 2026                    Respectfully submitted,


                                            By: */s/ Katherine M. Kuhn*
                                            Katherine M. Kuhn (Bar No. 6331405)
                                            Joseph W. Droter (Bar No. 6329630)
                                            **BAYRAMOGLU LAW OFFICES LLC**
                                            233 S Wacker Drive, 44th Floor, #57
                                            Chicago IL 60606
                                            Tel: (702) 462-5973 | Fax: (702) 553-3404
                                            Katherine@bayramoglu-legal.com
                                            Joseph@bayramoglu-legal.com
                                            *Attorneys for Plaintiff*

MEMORANDUM OF LAW ISO MOTION FOR            Case No. 1:25-cv-14513-MFK-MV
ENTRY OF DEFAULT JUDGMENT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of February 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system. Notice of this filing is provided to unrepresented parties for whom contact information is listed below and has been provided via email and by posting the filing on a URL contained on our website http://blointernetenforcement.com, and a link to said website in the email provided by third-party, Alibaba.

Respectfully submitted,

By: */s/ Katherine M. Kuhn*
Katherine M. Kuhn (Bar No. 6331405)
Joseph W. Droter (Bar No. 6329630)
**BAYRAMOGLU LAW OFFICES LLC**
233 S Wacker Drive, 44th Floor, #57
Chicago IL 60606
Tel: (702) 462-5973 | Fax: (702) 553-3404
Katherine@bayramoglu-legal.com
Joseph@bayramoglu-legal.com
*Attorneys for Plaintiff*

| Defendant No. | Seller's Name | Seller's Email Address |
|---|---|---|
| 4 | Yiwu Wenshuo Import And Export Co., Ltd. | stevenliang@wenshuo.net.cn |
| 6 | Xingcheng Haidi Garment Co., Ltd. | lyp@xcshdzy.com |

MEMORANDUM OF LAW ISO MOTION FOR
ENTRY OF DEFAULT JUDGMENT

Case No. 1:25-cv-14513-MFK-MV