**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED,<br><br>      Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>      Defendants. | **Case No. 1:25-cv-14513**<br><br>**Honorable Matthew F. Kennelly** |

**FINAL DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff, HONG KONG LEYUZHEN TECHNOLOGY CO., LTD. ("Plaintiff") against Defendants in the case: Defendant 4 Yiwu Wenshuo Import And Export Co., Ltd; and Defendant 6 Xingcheng Haidi Garment Co., Ltd. ("Defendants") on the Alibaba Platform as alleged in the Complaint, ("Defendants' Internet Stores"), and Plaintiff having moved for entry of Default Judgment against the Defendants (the "Defaulting Defendants" or "Defendants").

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

1

The Defaulting Defendants having not answered in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Plaintiff's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA0002379930 and VA0002382270 (the "Copyright Protected Images") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that Defendants' e-commerce stores are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Copyright Protected Images [001-2], which includes screenshot evidence confirming that Defendants e-commerce stores do stand ready, willing, and able to ship their unauthorized goods to customers in Illinois bearing infringing versions of the Copyright Protected Images.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for direct federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

2

THIS COURT FURTHER ORDERS that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Copyright Protected Images or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Rotita product or not authorized by Plaintiff to be sold in connection with the Copyright Protected Images;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Rotita product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Copyright Protected Images;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights, including the Copyright Protected Images, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Internet Stores, including, without limitation, any online marketplace platforms such as TikTok, Amazon Payments, Inc. ("Amazon"), Payoneer, Walmart Inc. ("Walmart"), and Wish U.S. Holdings LLC and ContextLogic Inc. d/b/a Wish.com ("WISH"), Alibaba Group Holding Ltd. ("Alibaba"), PPD Holdings dba Temu.com ("Temu") and collectively referred to as the "Third Party Providers", shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendants' Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Copyright Protected Images; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Copyright Protected Images or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Rotita product or not authorized by Plaintiff to be sold in connection with the Copyright Protected Images.

3. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Copyright Protected Images.

4. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages against the

4

Defaulting Defendants in the amount of ($15,000.00) for the willful infringement of the Copyright Protected Images.

5. Any Third Party Providers holding funds for Defaulting Defendants, including TikTok, Payoneer, Temu, Amazon, Walmart, PayPal, Alibaba and WISH, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendants' Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Temu, TikTok, Payoneer, Amazon, Walmart, PayPal, Alibaba, and WISH, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, such as Temu, Payoneer, Amazon, Walmart, Alibaba, Tiktok, and WISH, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendants, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at any e-mail addresses provided for Defaulting Defendants by third parties.

9.    The One Thousand Dollars ($1,000) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Bayramoglu Law Offices. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff's counsel at 1540 West Warm Springs Road, Suite 100, Henderson Nevada, 89014.

This is a Final Default Judgment.

Dated:  March 12, 2026

**Honorable Matthew F. Kennelly**
United States District Judge